**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM GRIBBLE,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LOUIS S. FOLINO, et al.** | : | |
| **Respondents.** | : | **No. 09-2091** |

**<u>MEMORANDUM AND ORDER</u>**

**LYNNE A. SITARSKI**                                   **DATE: NOVEMBER 10, 2009**
**UNITED STATES MAGISTRATE JUDGE**

Presently pending before the Court is Petitioner's *pro se* petition for a federal writ of

habeas corpus. In this petition, filed on May 15, 2009, under 28 U.S.C. § 2254, petitioner has

asserted four claims:

> (1) that the trial court committed reversible error in expressly relying on the confession of
> a co-defendant as evidence;
>
> (2) that the prosecutor and suppression hearing judge committed reversible error by
> interjecting themselves into the investigation process;
>
> (3) eleven instances of ineffective assistance of counsel; and
>
> (4) actual innocence.

In its response to petitioner's habeas petition, Respondents have noted that petitioner

currently has an appeal pending in the Superior Court of Pennsylvania from the judgment of

sentence imposed by the Philadelphia Court of Common Pleas on March 10, 2009. This appeal

relates to the sentences imposed for the convictions at issue in the instant petition. Respondents

have requested that this Court confirm that petitioner wishes to proceed with his habeas petition

as filed, notwithstanding the fact that the claims petitioner has pending in the state court are not included in the instant petition. Petitioner, for his part, has insisted that his petition be ruled upon as filed.

Despite petitioner's insistence on proceeding in such a manner, the United States Court of Appeals for the Third Circuit requires that I provide petitioner with notice of the effect that a ruling on the merits of these claims may have on petitioner's claims still pending in the state court. *See United States v. Miller* 197 F.3d 644 (3d Cir. 1999) (upon receipt of *pro se* pleadings challenging a conviction or incarceration, the district court should issue a notice to the petitioner regarding the effect of his pleadings); *see also Mason v. Meyers*, 208 F.3d 414, 417 (3d cir. 2000) (as a result of AEDPA's limitation on second or successive habeas petitions, it is essential that petitioners include in their first petition all potential claims for which they might desire to seek review).

Petitioner may only file one habeas petition for the conviction at issue, absent very specific and rare circumstances. Thus, I hereby order petitioner to clarify whether he would like this Court to:

1. rule on his habeas petition as filed, and lose the opportunity to have the claims presented in his pending state court appeal reviewed by this federal habeas court; or

2. withdraw his current habeas petition, submit another habeas petition after the state courts have ruled upon his pending claims, and include those claims in one all-inclusive habeas petition.

It is important for petitioner to understand that if he chooses to withdraw his petition and submit a new petition after the state courts have ruled upon his still pending claims, he must do so in compliance with the timeliness provisions of 28 U.S.C. § 2244. Section 2244(d) imposes a one year statute of limitations on petitions for writ of habeas corpus filed pursuant to 28 U.S.C. §

2254.  Section 2244, as amended, provides that the one year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner shall inform the Court, in writing within ten days, how he wishes to proceed, by completing and signing the check-off form that is attached to the accompanying Order.  If this Court does not receive the completed check-off form on or before November 23, 2009, I will prepare a Report and Recommendation based on petitioner's habeas petition as filed.

An appropriate order follows: