IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM GRIBBLE                :    CIVIL ACTION
                               :
            v.                 :
                               :
LOUIS S. FOLINO, et al.        :    NO. 09-2091

ORDER

AND NOW, this 9th day of September, 2011, upon consideration of the Petition for Writ of Habeas Corpus (Docket No. 1), the Amended Petition for Habeas Corpus (Docket No. 7), the Commonwealth's objections, the responses and replies thereto, petitioner's objections to the Report and Recommendation, and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, IT IS HEREBY ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The petitioner's objections are OVERRULED;

3. The Petition for Writ of Habeas Corpus is DISMISSED and DENIED; and

4. Petitioner has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this Court's disposition of his claims. Consequently, a certificate of appealability is DENIED.

5. The Clerk of Court shall mark this case closed for statistical purposes.

The Court discusses below petitioner's objections and explains why they are overruled.  The Court will follow the format of the Report and Recommendation and petitioner's objections thereto.

A.    Claim No. 3 Subsection (a)-(h), (j)-(k): Ineffective Assistance of Trial Counsel

The Report and Recommendation concluded that ten of petitioner's eleven claims of ineffective assistance of trial counsel ("IAC claims") are procedurally defaulted.  Gribble raises two objections.

First, Gribble objects that contrary to the Magistrate Judge's assertion, he did, in fact, raise in state court two of his IAC claims for (1) failure to investigate and use character evidence and (2) failure to present any viable defense.  See Obj. at 2.  Factually, Gribble is correct: he raised these claims in his petitions under the Post Conviction Relief Act ("PCRA"). However, Gribble abandoned both claims in his PCRA appeal. Gribble thus failed to exhaust available state remedies because he did not invoke one complete round of the state appellate review process.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The minor factual error in the Report and Recommendation thus does not alter the conclusion that Gribble procedurally defaulted these claims.

-2-

Second, Gribble objects that he established cause to excuse his procedural default because he is entitled to effective assistance of PCRA and PCRA appellate counsel under Pennsylvania law.  He argues that his PCRA counsel was ineffective for failing to pursue his IAC claims.  However, counsel ineffectiveness constitutes "cause" to excuse only when it is an independent constitutional violation under federal law.  See Coleman v. Thompson, 501 U.S. 722, 755 (1991).  Because the Sixth Amendment does not entitle a defendant to post-conviction counsel, a claim of ineffective assistance of PCRA counsel does not establish "cause" to excuse procedural default.  Hull v. Freeman, 991 F.2d 86, 91 (3d Cir. 1993).[1]  Therefore, for the reasons set out in the Report and Recommendation, ten of Gribble's IAC claims are procedurally defaulted.

B.    Claim No. 3 Subsection (I): Ineffective Assistance of Trial Counsel

---

[1] In Hull, the Third Circuit dismissed the habeas petition without prejudice to allow the petitioner to seek state determination of his post-conviction claim because petitioner raised a colorable claim for waiver of default under state law. 991 F.2d 86, 91-92 (3d Cir. 1993).  That approach is not open to Gribble here, since there is no waivable state procedural default in this case.  As Magistrate Judge Sitarski noted, the PCRA statute of limitations ("SOL") precludes Gribble from presenting his claims in another PCRA petition, and the statutory exceptions to the SOL do not apply in this case.  See 42 Pa. C.S.A. § 9545(b)(1).

The Report and Recommendation concluded that (1) Gribble's IAC claim for withdrawing a motion to suppress should be dismissed as procedurally defaulted, and (2) Gribble's IAC claim for withdrawing a motion to sever should be denied on the merits for failure to show prejudice from a joint bench trial. Gribble objects to both conclusions.

As to the motion to suppress, Gribble's objection merely restates his claim on the merits that trial counsel was ineffective for withdrawing the motion to suppress.  Gribble makes no argument that surmounts the procedural default.

As to the motion to sever, Gribble objects that the Magistrate Judge applied the law unreasonably in concluding that <u>Bruton</u> violations are not present in bench trials.  However, Third Circuit law holds that the <u>Bruton</u> rule is inapplicable in the context of a joint bench trial.  <u>See</u> <u>Johnson v. Tennis</u>, 549 F.3d 296, 299-300 (3d Cir. 2008).  To the extent Gribble's objection is based on an "actual use" theory as in <u>Lee v. Illinois</u>, the Court concurs with the Magistrate Judge's conclusion that the <u>Lee</u> claim is procedurally defaulted.

     C.    Claim No. 1: Trial Judge Committed Reversible Error in Expressly Relying on a Codefendant's Confession as <u>Evidence of Gribble's Guilt</u>

The Report and Recommendation concluded that (1) Gribble's claim under <u>Lee v. Illinois</u> is procedurally

defaulted, and (2) to the extent Gribble raises a <u>Bruton</u> claim, the state court's determination that there was no Confrontation Clause violation was correct.

Gribble's sole objection to these conclusions addresses only the merits of the <u>Lee</u> claim.  Gribble reiterates his argument that the trial judge used his codefendant's confession to convict him.  <u>See</u> Obj. at 5-6.  Gribble raises no viable argument to overcome his procedural default.  Furthermore, even assuming the <u>Lee</u> claim were not defaulted, the record does not support Gribble's assertion that the trial judge actually used his codefendant's confession against him.  As the Magistrate Judge noted, the trial judge specifically acknowledged that he could only use each confession against the defendant who gave it. <u>See</u> Trial Tr., 509-10, June 30, 1993; R&R at 27 n.7.

D.    Claim No. 2: Prosecutor and Suppression Hearing Judge <u>Error</u>

The Report and Recommendation concluded that Gribble failed to state a cognizable claim regarding the judge and prosecutor's interference with an ongoing investigation.

Gribble objects that because pro se petitions are entitled to be viewed through a more forgiving lens, his claim should be construed as a due process claim.  Even if this Court finds that Gribble stated a cognizable claim under the Due Process Clause, however, the claim is procedurally defaulted, and

-5-

Gribble has put forth no cause, prejudice, or fundamental miscarriage of justice to excuse the default.

       E.    Claim No. 5: Petitioner's Constitutional Rights Were Violated by Trial Counsel's Failure to Object to the Admission and Use of an Unredacted, Unreliable Pre-Trial Confession of a Non-Testifying Codefendant

The Report and Recommendation concluded that Gribble could not base his Confrontation Clause claim on <u>Crawford v. Washington</u> because that case does not apply retroactively.  The report further concluded that (1) to the extent Gribble's claim can be read as a challenge under <u>Ohio v. Roberts</u>, the claim is procedurally defaulted, and (2) Gribble's IAC claim based on failure to object to the admission of codefendant's confession is procedurally defaulted.

Gribble objects that given the more forgiving standard permitted to pro se petitioners, "it should have been clear . . . that [he] was arguing a <u>Roberts</u> claim" in his amended PCRA petition.  Obj. at 8 (citing Am. PCRA Pet. ¶ 39).  First, Gribble was represented by counsel for his amended PCRA petition, so the petition may not be entitled to a more forgiving interpretation. Second, even if this Court reads the amended PCRA petition as having raised a <u>Roberts</u> claim, Gribble did not raise the <u>Roberts</u> claim as to the codefendant's confession in his PCRA appeal.  The claim is thus procedurally defaulted without cause to excuse the default.

-6-

As to the procedurally defaulted IAC claim, Gribble objects that his PCRA appellate counsel was ineffective for failing to pursue the claim on appeal.  However, as discussed previously, ineffective assistance of appellate counsel does not constitute cause to excuse procedural default in the Third Circuit.  <u>Hull v. Freeman</u>, 991 F.2d 86, 91 (3d Cir. 1993).

F.   <u>Claim No. 4: Actual Innocence</u>

The Report and Recommendation concluded that five[2] of the six pieces of evidence identified by Gribble as demonstrating his actual innocence do not qualify as "new reliable evidence" under <u>Schlup v. Delo</u>, given the Third Circuit's definition of "new" in <u>Houck v. Stickman</u>.  The report also concluded that the sixth item of evidence, the codefendant's hospital records, failed to establish that no reasonable juror could convict Gribble of first-degree murder.

1.   <u>Evidence That Did Not Qualify as New</u>

Gribble objects that the five pieces of evidence that the report concluded were not new were not "available" to him at trial because of ineffective assistance of counsel.  Because the

---

[2] Those five items are: (1) testimony from Gail Stacy; (2) testimony from Rose Stoddart; (3) information from the autopsy report; (4) 911 audio and tape transmittals from the night of the murder; and (5) testimony from Joe Boles.

-7-

five items were all known and discovered at the time of trial, Gribble's objections amount to an impermissible attempt to circumvent the Third Circuit's definition of "new" in Houck v. Stickman by arguing that counsel was ineffective for failing to present the evidence or certain arguments to the trial court.

In Houck, the Third Circuit held that evidence is "new" only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.  Houck v. Stickman, 625 F.3d 88, 94 (3d Cir. 2010).  In doing so, the Third Circuit explicitly rejected a definition of "new" as "newly presented."  See id.  The Houck court specified one narrow limitation to its definition: "if the evidence was not discovered for use at trial because trial counsel was ineffective, the evidence may be regarded as new provided that it is the very evidence that the petitioner claims demonstrates his innocence." Id.  However, this narrow limitation is inapplicable here because Gribble's claim is that counsel was ineffective for failing to present discovered evidence at trial.

Even assuming that these five pieces of evidence were new, Gribble fails to show that it is more likely than not that no reasonable fact finder would have convicted him in light of the new evidence.  See Hubbard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004).  The Commonwealth's theory, which the trial court accepted, is that Gribble killed the victim for money, which he

-8-

knew the victim to be carrying.  Gribble insists that he is
actually innocent of premeditated first-degree murder and guilty
only of a crime of passion.

Gribble argues that: (1) Rose Stoddart's testimony
would prove that there was no "wad of money," and hence no
premeditation required for first-degree murder;[3] (2) Gail Stacy
would testify that there was an ongoing sexual relationship
between Gribble's codefendant and the victim, which supports
Gribble's crime of passion theory; (3) Joe Boles would testify to
hearing Gribble's codefendant scream during the time of the
crime, which suggests there was no conspiracy; (4) the autopsy
report shows that a "face to face confrontation" occurred; and
(5) the 911 radio and tape transmittals from the night of the
murder show there was no conspiracy because Gribble's codefendant
called 911.  See Obj. at 10-13.

While some of this evidence supports Gribble's crime of
passion theory, it does not show that no reasonable fact finder
could credit the Commonwealth's theory of a premeditated robbery
crime.  Gribble points out that the Commonwealth's case for
premeditation was based entirely on inferences drawn from
circumstantial evidence.  See Obj. at 9.  The Commonwealth's

---

[3] Magistrate Judge Sitarski notes that Gribble has not
provided sworn affidavits indicating what the substance of Ms.
Stoddart's, Ms. Stacy's, and Mr. Boles's testimony might be.
Gribble argues, and the Court presumes here, that the witnesses
would testify to the contents of their statements to the police.

evidence included, among other things, admissions by Gribble and his codefendant that they were destitute drug addicts, eyewitness testimony that the victim took out a large roll of cash in view of Gribble's codefendant, and testimony from a medical examiner. Yet the cumulative "new" evidence that Gribble presents here is similarly circumstantial, and it is not so overwhelmingly exculpatory as to suggest that no reasonable fact finder would have credited the Commonwealth's evidence regarding the financial motive behind the murder.

At best, Gribble has raised a reasonable doubt that he committed first-degree murder.  But the Schlup standard for proving actual innocence requires more than merely establishing the existence of reasonable doubt.  Schlup demands, and Gribble fails to show, that no reasonable fact finder would have found him guilty.  See Schlup v. Delo, 513 U.S. 298, 329 (1995).


2.   Codefendant's Hospital Records

Gribble does not appear to object to the Magistrate Judge's conclusion that the hospital records by themselves do not meet the Schlup standard for proving actual innocence.  Rather, Gribble argues that when considered in conjunction with the other five pieces of evidence discussed above, he meets the standard. However, for the reasons stated above, Gribble's objections do not change the Court's analysis.

Accordingly, the Court overrules petitioner's objections and approves and adopts the Report and Recommendation. Gribble's petition for a writ of habeas corpus is therefore dismissed and denied.

BY THE COURT:


/s/Mary A. McLaughlin
MARY A. McLAUGHLIN, J.