IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM GRIBBLE

v.

LOUIS FOLINO, et al,

CIVIL ACTION
NO. 09-2091

**<u>MEMO/ORDER</u>**

Petitioner, an inmate serving a life sentence for first degree murder, filed a petition for a writ of habeas corpus in which he raised, *inter alia*, eleven claims of ineffective assistance of trial counsel. (ECF 1). The District Judge to whom the petition was assigned referred the petition to a United States Magistrate Judge for the purpose of issuing a Report and Recommendation. ( ECF 3). The Magistrate Judge issued a Report and Recommendation that the petition be denied, finding, *inter alia*, that ten of the eleven of the ineffective assistance of counsel claims were procedurally defaulted. (ECF 45). After the petitioner filed Objections (ECF 48), the District Judge overruled the Objections, approved and adopted the Report and Recommendation, dismissed the petition for a writ of habeas corpus and denied a certificate of appealability. (ECF 49). Petitioner's request for a certificate of appealabilty from the Court of Appeals for the Third Circuit (ECF 50) was denied. (ECF 54).

After petitioner's habeas petition was dismissed, the United States Supreme Court recognized a narrow exception to its previous holding in *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991) that attorney errors in a post conviction proceeding do not establish

cause to excuse a procedural default. *Martinez v.* Ryan, 132 S. Ct. 1309, 1315 (2012). The Supreme Court held that in states like Pennsylvania where state law requires ineffective assistance of trial counsel claims to be raised in an initial review collateral proceeding, a petitioner may establish "cause" sufficient to overcome a procedural default if "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U.S. 668 . . . (1984)." *Martinez*, 132 S.Ct. at 1318. The Court continued that "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. The Court in *Martinez* specifically distinguished between finding cause based on ineffective assistance of counsel during the initial-review proceedings and at appellate collateral proceedings. *Id*. at 1316.

The petitioner subsequently filed a motion for relief from judgment pursuant to Rule 60(b)(5) & (6), asking the Court to consider whether *Martinez* permits review of his procedurally defaulted ineffective assistance of counsel claims. (ECF 58). The District Judge referred the motion to the same Magistrate Judge for the purpose of issuing a Report and Recommendation. (ECF 59).

Our Court of Appeals subsequently held that *Martinez* can serve as a proper basis for relief under Rule 60(b)(6) *Cox v. Horn*, 757 F. 3d 113, 121, 124-25 (3d Cir. 2014).

This case was then reassigned to the docket of the undersigned. (ECF 93). The Magistrate Judge issued a Report and Recommendation that petitioner's motion under Rule 60(b) for relief from an order dismissing and denying his petition for a writ of habeas corpus be denied without the issuance of a certificate of appealability. (ECF 96).

Petitioner has now filed Objections to the Magistrate Judge's Report and Recommendation. (ECF 100).

After conducting a careful *de novo* review of the petitioner's Objections, the Court overrules all of the Objections, with one exception.

The Magistrate Judge concluded *Martinez* did not apply to Claims Eight, Nine and Eleven of the habeas petition because petitioner had failed to raise these three claims on appeal under the Pennsylvania Post Conviction Relief Act ("PCRA") and, therefore, these claims were procedurally defaulted. (ECF 96, pp. 13-14). The Magistrate Judge further found that petitioner could not overcome his procedural default of the remaining eight ineffective assistance of counsel claims in his habeas petition because petitioner had failed to show that any of them were "substantial" under *Martinez.* (*Id.*, pp. 14-26).

In his Objections, Petitioner argues that Claim Eleven of his habeas petition was never actually presented at the initial-review collateral proceeding and therefore should not have been considered procedurally defaulted for failing to raise the claim on PCRA appeal under the PCRA. Rather, petitioner argues that the Magistrate Judge should have performed a *Martinez* analysis on Claim Eleven. The Court agrees.

In Claim Eleven of his habeas petition, petitioner alleged that trial counsel was ineffective for "failing to present any viable defense due to the cumulative effect of errors within this petition." (ECF 1, pp. 33-35). While petitioner did include a claim entitled "Trial Counsel was Ineffective for Failing to Present any Viable Defense" in his *pro se* petition under the PCRA, appointed counsel did not include such a claim in either his counseled PCRA petition or amended counseled petition. Further, such a claim was never considered or discussed by Judge James A. Lineberger in his Opinion denying relief in

3

the initial-review proceeding under the PCRA. (ECF 85-3). Indeed, in her Report and Recommendation, the Magistrate Judge listed the eight claims that petitioner raised in his counseled PCRA petitions. (ECF 96, p. 6 citing Am. PCRA Pet. & Supplemental Am. PCRA Pet., ECF 24 Ex. G). Conspicuously absent from the list is any ineffective assistance of trial counsel claim for failing to assert a viable defense.

When a petitioner files a *pro se* PCRA petition, but subsequently obtains counsel and files an amended petition, the PCRA court will review only the counseled petition. *Commonwealth v. Pursell*, 724 A.2d 293, 302 (Pa. 1999); see *Griggs v. DiGuglielmo*, 2007 WL 2007971, at *2 n.2 (E.D. Pa. Jul. 3, 2007) (Yohn, J.) (claim not fairly presented to state court where raised in a *pro se*, but not counseled, PCRA petition). Here, appointed PCRA counsel did not present the failure of trial counsel to present a viable defense claim to the initial PCRA court in either the counsel petition or amended counseled petition. Therefore, this claim was never fairly presented to the PCRA court on initial review. *Martinez* is therefore applicable to this claim. Accordingly, the Court will remand this case to the Magistrate Judge to consider whether petitioner's procedural default of Claim Eleven of his habeas petition should be excused under *Martinez*.

Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Objections to the Magistrate Judge's Report and Recommendation [Doc.100 ] are **SUSTAINED** in part and **OVERRULED** in part.
2. Petitioner's Objections are **OVERRULED** and the Rule 60(b) motion [Doc. 75] is **DENIED** with respect to Claims 1-10 of his original habeas petition, alleging ineffective assistance of counsel. The Report and Recommendation is **APPROVED AND ADOPTED** as to these claims.

4

3. Petitioner's Objection to the Magistrate Judge's conclusion that *Martinez v. Ryan* does not apply to Claim 11 of the original habeas petition is **SUSTAINED** and this matter is **REMANDED** to the Magistrate Judge to conduct a *Martinez* analysis on Claim 11.

4. The motion of the petitioner for relief from judgment under Rule 60B(5) & (6) [Doc. 58] is **DENIED** as moot.

5. The amended motion of the petitioner for relief from judgment under Rule 60 (B)(5) & ((6) [Doc. 60] is **DENIED** as moot.

6. The motion of the petitioner for relief under Rule 60B(6) [Doc. 73] is **DENIED** as moot.

                                                      **BY THE COURT:**

**August 29, 2017**                                         **/s/ Jeffrey L. Schmehl**
                                                                                   **Jeffrey L. Schmehl, J.**